FILED
MAY 09 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____KMT_____, DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA SMITH, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OKLAHOMA, ex rel., TULSA COUNTY DISTRICT ATTORNEY OFFICE; STATE OF OKLAHOMA, ex rel., DEPARTMENT OF PUBLIC SAFETY; OKLAHOMA ATTORNEY GENERAL.<br><br>Defendants. | CIV 19  426 D<br><br>Case No.: _____ |

## COMPLAINT

COMES NOW, the Plaintiff, Pamela Smith, Pro Se, in the above-styled action and files her Complaint for Damages and respectfully shows the Court the following:

### I. JURISDICTION

1. This action arises under 42 U.S.C. § 1983.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

3. All Defendant's actions and omissions that are alleged herein occurred within Oklahoma County, State of Oklahoma, and within this judicial district, thus jurisdiction is proper in the Western District of Oklahoma.

4. Plaintiff fully complied with 51 O.S. § 151, the Oklahoma Governmental Tort Claims Act. Plaintiffs filed notice of a claim on April 22, 1999. Plaintiff received denial of the tort claim on September 1, 1999. An original suit was timely commenced within 180 days.

1

## II. VENUE

5. This action properly lies in the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b), because the claims arose in this judicial district.

## III. PARTIES

6. For the times pertinent herein, Plaintiff Pamela Smith ("Smith") was in the custody of the Oklahoma Department of Corrections. When the acts and/or omissions alleged herein occurred, Smith was an inmate at Tulsa Community Correction Center in Tulsa County, State of Oklahoma.

7. Defendant Department of Public Safety ("DPS'), is a department of the State of Oklahoma.

8. Defendant Tulsa County District Attorney (TCDA) is a Department of the State of Oklahoma.

9. Defendant Oklahoma Attorney General is a Department of the State of Oklahoma.

## IV. FACTS

10. Smith was an inmate at Tulsa Community Correctional Center ("TCCC") from November 1997 to August 1998.

11. While at TCCC Smith worked in a janitorial capacity at the Department of Public Safety ("DPS"), primarily at the DPS office located at 575 East 36th Street North in Tulsa.

12. Shortly after beginning her job at DPS, Donald Cochran, a DPS employee, commented to Smith regarding the size of her breasts. Cochran also told Smith she needed to do something to prove he could trust her. Within a few days of making these comments, Cochran engaged in sexual intercourse with Smith.

13. Several incidents of sexual intercourse and fellatio between Cochran and Smith occurred

from November 1997 through January 1998.

14. On or about February 18, 1998, Smith informed Ed Spencer ("Spencer"), a DPS supervisor, about Cochran giving her a condom and making sexual comments to her.

15. Spencer never took action to prevent further incidents of sexual intercourse between Cochran and Smith.

16. Cochran engaged in sexual intercourse with Smith several more times from March 1998 through May 1998.

17. In April 1998, Cochran used a glass salt shaker to achieve intercourse with Smith.

18. In August 1998, Smith was transferred back to Eddie Warrior Correctional Center in Taft, Oklahoma.

19. On March 3, 1999, an information sheet regarding the rape of Smith by Cochran was denied by the Tulsa County District Attorney prior to an investigation performed.

20. In 1999, Department of Public Safety investigator, Lt. George Randolph, had Smith identify the glass salt shaker that was utilized by Cochran in April of 1998.

21. On May 9, 2001 Smith filed a complaint against Donald Cochran.

22. In 2004, a Grand Jury was impaneled to determine whether sufficient evidence exist to bring charges against Donald Cochran.

23. The Honorable Thomas Gillert disqualified the TCDA and Oklahoma Attorney General Office from acting in the capacity of legal adviser.

24. Judge Gillert's order was disregarded by the Oklahoma Attorney General's office who appointed Gene Haynes, the acting District Attorney for Craig, Mayes, and Rogers counties in 2004 to act as legal adviser to the Grand Jury.

25. When Lt. Randolph was called to testify to the Grand Jury, he failed to produce the glass salt shaker.

26. The glass salt shaker that Smith identified in 1999 was never seen again.

27. Mr. Haynes did not call any witnesses regarding the rape of Smith.

28. Smith was not provided medical treatment for the injuries that occurred in April 1998, from the glass salt shaker penetrating her vagina.

29. Smith has endured severe physical pain and emotional distress, in addition, Smith has suffered fear, embarrassment, humiliation, anger, and mental anguish.

## FIRST CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983: VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

30. Plaintiff realleges and incorporates paragraphs 1-29 above as if fully set forth herein and further alleges as follows:

31. Smith was coerced by Cochran, a DPS employee, to have sexual intercourse.

32. As a U.S. citizen, Smith is entitled to all the rights, privileges, and immunities secured by the Constitution and the law of the United States.

33. Defendant Department of Public Safety's employee Donald Cochran, subjected Smith to constitutional deprivations without justification or cause, thus violating Smith's fight to those liberties secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

34. The acts and/or omissions of Defendants have caused Smith to suffer severe and debilitating emotional distress, physical pain, mental anguish, and humiliation.

35. The acts and/or omissions of Defendants were willful, wanton, and malicious, amounting to a total disregard for Smith's civil rights, thus giving rise to punitive damages.

36. WHEREFORE, Plaintiff pray this Court to declare the conduct engaged in by Defendants to be in violation of Smith's civil rights, and judgment against Defendants for compensatory and punitive damages. Plaintiff also pray for prejudgment interest, an assessment of damages to compensate for any tax consequences of this judgment, and the costs of this action, to be taxed against Defendants, and an award of all other proper relief deemed just and equitable by this Court.

## SECOND CAUSE OF ACTION:
## PROSECUTORIAL MISCONDUCT

37. Plaintiff realleges and incorporates paragraphs 1-36 above as if fully set forth herein and further alleges as follows:

38. An information sheet regarding the rape if Smith by DPS employee Cochran sent to the TCDA was denied prior to an investigation performed.

39. Tim Harris met with Smith on or about February 14, 2004, to request Smith obtain the glass salt shaker because he lacked the resources.

40. In 2004, the Grand Jury was not fully informed, nor was all evidence presented, for the Grand Jury to make an impartial and educated decision.

41. The Attorney General failed to follow Judge Gillert's ruling regarding disqualification and appointed a close member of the District Attorney Council and accomplice to lead the Grand Jury.

42. WHEREFORE, Plaintiff pray this Court to award Plaintiff actual, compensatory, and punitive damages in an amount to be determined at trial, award Plaintiff her costs, and grant such other relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff realleges and incorporates paragraphs 1-42 above as if fully set forth herein and further alleges as follows:

44. Donald Cochran's use of his position of authority and power over Smith to illicit sexual favors in violation of 21 O.S. § 1111(7) was extreme and outrageous conduct going beyond all possible bounds of decency.

45. Cochran intentionally and recklessly caused severe emotional distress to Smith beyond that which any reasonable person could or should be expected to endure.

46. Smith's emotional distress is so severe she is still in treatment for the trauma precipitated by Cochran's extreme and outrageous conduct.

47. The inaction, acts, and omissions of the DPS, TCDA, and the Attorney General is also extreme and outrageous, going beyond all bounds of decency.

48. The intentional and reckless inaction, acts, and omissions of DPS, TCDA, and the Attorney General caused, and still causes, Smith severe emotional distress beyond that which any reasonable person can or should be expected to endure.

49. WHEREFORE, Plaintiff pray this Court to award Plaintiff actual, compensatory, and punitive damages in an amount to be determined at trial, award Plaintiff her costs, and grant such other relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE

50. Plaintiff realleges and incorporates paragraphs 1-49 above as if fully set forth herein and further alleges as follows:

51. The above sets forth a cause of action against DPS, TCDA, and the Attorney General for Negligence for refusing to fully investigate the crime against Smith.

52. The acting Grand Jury legal adviser failed to present evidence of the rape of Smith by Donald Cochran.

53. WHEREFORE, Plaintiff pray for this Court to award Plaintiff actual, compensatory, and punitive damages in an amount to be determined at trial, award Plaintiff her costs and grant such other relief as the Court may deem just and proper.

**Respectfully submitted,**

Pamela Smith
P.O. Box 470261
Tulsa, OK 74147
918-991-3314
PamSmithOk@gmail.com
*Pro Se*