IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-426-D ) |
| STATE OF OKLAHOMA *ex rel.* TULSA COUNTY DISTRICT ATTORNEY OFFICE, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# **O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Pamela Smith, who is appearing *pro se*, has made no timely response to the Motion within the extended time period provided by the Order of June 24, 2019 [Doc. No. 7]. The Court expressly cautioned Plaintiff in the Order of the consequence of failing to respond in a timely manner. Under the circumstances, the Court finds in the exercise of its discretion that the Motion should be deemed confessed pursuant to LCvR7.1(g).

Further, for the reasons fully set forth in the Motion and supporting brief, the Court finds that the Complaint fails to state a claim upon which relief can be granted. All of Plaintiff's claims based on conduct of Donald Cochran while she was as an inmate of the Oklahoma Department of Corrections in 1997 and 1998 are barred by the final judgment entered in *Smith v. Dep't Pub. Safety*, Case No. CIV-00-35-C, J. (N.D. Okla. March 1,

2004), *aff'd sub nom. Smith v. Cochran*, 182 F. App'x 854 (10th Cir. 2006).[1] Also, neither the State of Oklahoma nor its agencies or departments are subject to suit under 42 U.S.C. § 1983, and all of Plaintiff's claims are time barred by operation of the applicable statutes of limitations.[2] Finally, any individual-capacity claims that might be brought against the Tulsa County District Attorney or the Oklahoma Attorney General are barred by prosecutorial immunity.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 4] is GRANTED. This action is DISMISSED with prejudice to refiling.[3] A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 26th day of July, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court may properly consider matters subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008).

[2] "[I]f the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096-97 (10th Cir. 2009) (internal quotation omitted).

[3] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (leave to amend should be freely granted, but amendment may be denied when it would be futile).